UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ANA REYES,
    Plaintiff,

v.	3:15-cv-00907-WWE

ST. JOSEPH'S LIVING CENTER, INC.,
    Defendant.

## MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This is an employment discrimination action by plaintiff Ana Reyes against defendant St. Joseph's Living Center. Plaintiff alleges unlawful termination based on race, color, and national origin in violation of Connecticut General Statutes Section 46a-60(a)(1) (Count I); and Title VII of the Civil Rights Act (Count II). Defendant has moved for summary judgment on both counts. For the following reasons, defendant's motion will be granted.

### BACKGROUND

The following background was gleaned from the parties' statements of fact, affidavits, deposition transcripts, and other exhibit documentation.

Defendant operates a long-term nursing facility in Windham, Connecticut. Defendant hired plaintiff, a Hispanic Puerto Rican of brown complexion, in March 2012 to work as a certified nurses' assistant ("CNA") on the third shift. Charge Nurse Diane Jeske served as plaintiff's supervisor.

On October 18, 2014, plaintiff worked her 11:00 p.m. to 7:00 a.m. shift. During the course of the shift, Kristina Rivera, another CNA, reported to Jeske that plaintiff had been in a resident's room for over an hour. Plaintiff asserts that she was in the room to prevent the

resident from falling out of bed, but Rivera provided a written statement indicating that plaintiff slept in a recliner for nearly 1 hour and forty-five minutes.

At the end the shift Jeske spoke to plaintiff about the report of her sleeping. Subsequently, plaintiff met with Pat Duffy, Director of Nursing. Duffy informed plaintiff that she had received a complaint and that sleeping on the job was unacceptable. Plaintiff again denied that she had been sleeping.

Plaintiff asserts that Jeske walked into the dark room where plaintiff was sitting and found plaintiff to be awake, so Jeske knew that plaintiff was not sleeping. Moreover, plaintiff highlights that Rivera's written statement does not state that Rivera actually saw plaintiff sleeping. Nevertheless, defendant terminated plaintiff's employment on October 25, 2014, based on the reports that plaintiff was sleeping during her shift.

Plaintiff contends that she was the only person of color working her shift. Defendant asserts that Rivera, who reported plaintiff, is also Hispanic.

## DISCUSSION

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir.), cert. denied, 502 U.S. 849 (1991).

The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. American International Group, Inc. v. London American International Corp., 664 F.2d 348, 351 (2d Cir. 1981). In determining whether a genuine factual

issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

If a nonmoving party has failed to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof, then summary judgment is appropriate.  Celotex Corp., 477 U.S. at 323.  If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met.  Anderson, 477 U.S. at 249.

**Title VII and CFEPA Discrimination**

Under the familiar burden-shifting framework for analyzing Title VII employment discrimination claims, if a plaintiff establishes a *prima facie* case by showing (1) membership in a protected class; (2) qualification for her position; (3) adverse employment action; and (4) circumstances giving rise to an inference of discrimination, the burden shifts to the defendant to articulate a legitimate reason for its action.  See Vega v. Hempstead Union Free School Dist., 801 F.3d 72, 83 (2d Cir. 2015).  If a defendant meets its burden, the burden shifts back to plaintiff to demonstrate that discrimination was the real reason for the adverse employment action.  Id.  The analysis of discrimination claims under the Connecticut Fair Employment Practices Act is the same as under Title VII.  Kaytor v. Electric Boat Corp., 609 F.3d 537, 556 (2d Cir. 2010).

Plaintiff asserts that an inference of discrimination may be drawn where (1) she was the only person of color working her shift; (2) she was accused of wrongdoing by white managerial employees; (3) all of defendant's managerial employees are Caucasian, and (4) no one saw her sleeping on the job.[1]

---

[1] Whether plaintiff was the only person of color working her shift and whether anyone saw plaintiff sleeping on the job are disputed issues of fact.

3

Defendant responds that plaintiff's employment was terminated for a legitimate reason: sleeping on the job. Moreover, defendant contends for the sake of argument that a mistake of fact as to whether plaintiff was actually asleep does not render its decision discriminatory. See Roge v. NYP Holdings, Inc., 257 F.3d 164, 169 (2d Cir. 2001) ("Whether or not fraud actually occurred, questionable circumstances surrounding an employee's claim for benefits provide a nondiscriminatory reason for choosing to terminate that employee . . .").

As defendant has articulated a legitimate basis for its decision to terminate plaintiff's employment, "the presumption of discrimination ... drops out of the analysis, and the defendant will be entitled to summary judgment ... unless the plaintiff can point to evidence that reasonably supports a finding of prohibited discrimination." Spiegel v. Schulmann, 604 F.3d 72, 80 (2d Cir. 2010). To defeat summary judgment, plaintiff must "point to evidence that reasonably supports a finding of prohibited discrimination." See Dawson v. Bumble & Bumble, 398 F.3d 211, 216 (2d Cir. 2005).

Plaintiff relies on the evidence from her *prima facie* case to demonstrate that defendant's decision to terminate her was pretextual. See Chambers v. TRM Copy Centers Corp., 43 F.3d 29, 38 (2d Cir. 1994) ("Pretext may be demonstrated either by the presentation of additional evidence showing that the employer's proffered explanation is unworthy of credence, or by reliance on the evidence comprising the prima facie case, without more[.]"). Plaintiff argues that defendant's explanation for her termination is pretext for discrimination because "[t]here is no evidence . . . that plaintiff was sleeping nor can there be any mistake as to whether she was sleeping or not because none of the involved employees said they actually saw plaintiff sleeping."

4

>Nevertheless, Rivera's written statement provides:
>
>On [October 18, 2014] I was working 11 – 7 . . . with [plaintiff]. [Plaintiff] went into a patient's room and slept in a recliner for nearly 1 hour 45 minutes. I proceeded with my work. At some point Dianne Jeske had made a comment about not seeing [plaintiff] for a while and asked about her [whereabouts]. I let [Jeske] know what was going on and she took care of the situation.

Plaintiff declined to depose Rivera or any other employees, so plaintiff's assertion that no one, including Rivera, claimed to have seen her sleeping is speculation, not evidence of discrimination. Moreover, at her own deposition, referring to Rivera, plaintiff testified that: "They took her word over mine. They took her word. They didn't believe what I said." The jury need not determine the truth of the matter or asses the judgment of defendant because "the factual dispute at issue is whether a discriminatory animus *motivated* the employer, not whether the employer is wise, shrewd, prudent, or competent." Taddeo v. L.M. Berry and Co., 526 Fed. Appx. 121, 123 (2d Cir. 2013).

      Plaintiff has not proffered sufficient opposition to the motion for summary judgment. She has offered no evidence suggesting that defendant's treatment of her differed from that accorded to other employees outside her race, color, or nationality. See Meiri v. Dacon, 759 F.2d 989, 998 (2d Cir. 1985). "To allow a party to defeat a motion for summary judgment by offering purely conclusory allegations of discrimination, absent any concrete particulars, would necessitate a trial in all Title VII cases." See id. No reasonable jury could find that plaintiff's evidence reasonably supports a finding of prohibited discrimination. Accordingly, summary judgment will be granted in favor of defendant.

## CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment is GRANTED.

The Clerk is instructed to close this case.

Dated this 7th day of March, 2017, at Bridgeport, Connecticut.


                    /s/Warren W. Eginton
              WARREN W. EGINTON
              SENIOR UNITED STATES DISTRICT JUDGE